DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas that sentenced appellant to five years imprisonment on a conviction of one count of aggravated vehicular homicide and eighteen months on a conviction of one count of aggravated vehicular assault. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "I. The trial court erred in imposing the maximum possible sentence upon defendant-appellant in that it did not comply with the requirements of Ohio Revised Code Sections2929.11 et seq.
 {¶ 4} "II. The trial court abused its discretion in imposing the maximum possible sentence upon defendant-appellant as it was against the manifest weight of the evidence."
 {¶ 5} On July 3, 2003, appellant entered pleas of guilty to one count of aggravated vehicular homicide in violation of R.C.2903.06(A)(2) and one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(2) following an automobile accident on July 28, 2002, in which two passengers in appellant's car died and two others were seriously injured. On September 4, 2003, the trial court sentenced appellant to five years imprisonment on the aggravated vehicular homicide conviction, a third-degree felony, and eighteen months imprisonment on the aggravated vehicular assault conviction, a fourth-degree felony. Both sentences are the maximum allowable by statute for the offenses. It is from that judgment that appellant appeals.
 {¶ 6} In his first assignment of error, appellant argues that the trial court failed to comply with the requirements of R.C.2929.11 et seq. for the imposition of a maximum sentence. This court has thoroughly reviewed the transcript of the sentencing hearing as well as the trial court's judgment entry and we find this argument wholly without merit.
 {¶ 7} When imposing a felony sentence, the trial court must consider the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender. R.C. 2929.11(A). Accordingly, the court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id.
 {¶ 8} Additionally, the law requires that a sentence imposed for a felony shall be reasonably calculated to achieve the purposes of felony sentencing, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). Finally, a trial court shall not impose a sentence based on the race, ethnicity, gender, or religion of the offender. R.C.2929.11(C). Further, the trial court must consider the factors found in R.C. 2929.12(B) and (C) to determine how to accomplish the purposes embraced in R.C. 2929.11.
 {¶ 9} This court has stated that the imposition of more than the minimum sentence, or the imposition of the maximum authorized sentence, requires that the sentencing court make clear on the record that it has considered all of the factors required by statute. See State v. Weidinger (June 30, 1999), 6th Dist. No. H-98-035.
 {¶ 10} The trial court in this case made detailed findings at the sentencing hearing and in its sentencing judgment entry. The trial court stated that it had considered the record, the oral statements, the presentence report and the principles and purposes of sentencing under R.C. 2929.11. The court further stated that it had carefully balanced the seriousness and recidivism factors under R.C. 2929.12. As to the seriousness of the offense, the trial court found that two victims in this case died and three others were seriously injured, that appellant's blood alcohol content was over the legal limit, and that he was on his way to a bar at the time of the accident. The trial court further found that appellant is more, rather than less, likely to commit future offenses; that he was on community control at the time the offenses occurred and thereby had a curfew and a prohibition against consuming alcohol; that he had a history of criminal convictions and juvenile delinquency adjudications; that appellant has not responded favorably to sanctions previously imposed; that he had been to a community-based correction facility and had been offered drug and alcohol treatment programs as a juvenile and an adult; and that appellant has had a pattern of alcohol abuse throughout his life, which contributed to the offense herein. The trial court also found that although appellant expressed remorse at the sentencing hearing he had engaged in other behavior and made statements to the contrary. The court found that during the pendency of this action, while on a recognizance bond, appellant continued to consume alcohol and drive, both of which were prohibited. The trial court further found that there were no indicators that appellant is not likely to reoffend.
 {¶ 11} The trial court found that although appellant was eligible for community control he was not amenable to that option, and that community control would be inappropriate.
 {¶ 12} R.C. 2929.14(B) provides if the court elects or is required to impose a prison term on the offender, "* * * the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless * * * [t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 13} Pursuant to R.C. 2929.14(B)(2), the trial court found that the shortest prison term would demean the seriousness of the offense. Pursuant to R.C. 2929.14(C), the trial court also found that appellant committed the worst form of the offense and poses the greatest likelihood of committing future crimes.
 {¶ 14} Based on our review of the record and the law, this court finds that the trial court did not fail to comply with the requirements of R.C. 2929.14 for imposition of a maximum sentence and, accordingly, appellant's first assignment of error is not well-taken.
 {¶ 15} In his second assignment of error, appellant asserts that the trial court abused its discretion by imposing the maximum sentence because it was against the manifest weight of the evidence. This argument has no merit. A sentence imposed may not be disturbed unless we find by clear and convincing evidence that it is not supported by the record or is contrary to law.State v. Dunwoody (Aug. 5, 1998), 4th Dist. No. 513606. Based on our findings above that the trial court complied with each of the relevant statutory requirements for imposing a maximum sentence, this assignment of error is not well-taken.
 {¶ 16} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Ottawa County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Pietrykowski, J., Concur.